UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE PIRES,<br><br>               Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | No.  2:20-cv-1073-KJN<br><br>ORDER<br><br>(ECF Nos. 26, 28) |

Presently before the court is counsel for plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), seeking a total award of $23,786.30, or 25% of plaintiff's past-due benefits.[1] Plaintiff's counsel agrees to credit plaintiff $4,811.75 for EAJA fees previously paid. (ECF No. 26 at 2.)  The Commissioner neither assents nor objects to the fee request and takes no position on the reasonableness of the request.  (ECF No. 28.)

For the reasons that follow, the undersigned grants the motion for attorney's fees in the amount of $18,064.70, with reimbursement to Pires of $4,811.75 in previously awarded EAJA fees.[2]

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(c) based on the consent of all parties. (ECF Nos. 3, 7, 9.)

[2] Plaintiff already received $5,721.30 of the $23,786.30 in administrative fee payments. (ECF No. 26-1.)

1

**Background**

On August 27, 2021, the undersigned granted plaintiff's motion for summary judgment and remanded the case for further proceedings. (ECF No. 22.) Thereafter, the parties stipulated to an award of fees and costs under the Equal Access to Justice Act ("EAJA"), and the undersigned awarded attorney's fees in the amount of $4,811.75. (ECF Nos. 24, 25.) Subsequently, plaintiff's counsel petitioned the Office of Hearings and Appeals ("OHA") for attorney's fees and received $5,721.30 for work in front of OHA. (ECF No. 26-3.) After remand, an ALJ issued a favorable decision for plaintiff, awarding past-due benefits in the amount of $95,144.00, of which $23,786.00 was withheld for payment of fees. (ECF Nos. 26-1 at 1, 26-2 at 4.)

Plaintiff's counsel now moves for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $18,064.70 (25% of past due amount of $95,144.00 after deduction of administrative fee payment of $5,721.30 already awarded to counsel for work in front of OHA). (ECF No. 26 at 2.)

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In reviewing the fee request, the district court is to look first to the parties' contingency-

fee agreement, then test it for reasonableness—respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (2002) (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved"). To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case. As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, but not as a basis for satellite litigation, the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. The attorney bears the burden of establishing that the fee sought is reasonable.

Crawford, 586 F.3d at 1148 (citations omitted). The attorney bears the burden of establishing the reasonableness of the fee. Gisbrecht, 535 U.S. at 807 fn. 17.

In support of the motion for attorney's fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of up to 25% of any past due benefits. (ECF No. 26-4.) Counsel indicates Pires was awarded $95,144.00 in past due benefits, 25% of which ($23,786.00) was withheld by the Commissioner for payment of counsel's fee. (ECF No. 26-2 at 4.) Plaintiff's counsel now seeks a fee of $18,064.70, which (alongside the administrative fee payment of $5,721.30 for work in front of OHA) is 25% of past due amount of $95,144.00. (ECF No. 26 at 2.) The Commissioner neither assents nor objects to the fee request, and takes no position on the reasonableness of the request. (ECF No. 28.)

In light of the guidance provided in Crawford, the court finds counsel's fee request here to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, neither the undersigned nor the Commissioner sees any indication plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, counsel's work ultimately resulted in a fully favorable decision for plaintiff and an award of substantial benefits. Counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied three times before reaching this court. (ECF No. 22 at 3.)

Furthermore, the total amount sought does not appear to be wholly disproportionate to the amount of time plaintiff's counsel spent on the case. Plaintiff's counsel indicates they dedicated 23.7 hours to the appeal process, which equates to approximately $1,003 per hour. (ECF No. 26-5.) Plaintiff's counsel did not provide a normal billing rate, but even at this high rate, the amount requested cannot be said to amount to a windfall to plaintiff's counsel given the guidance in Crawford. See, e.g., Langston v. Saul, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (awarding fees on an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (noting that "[r]educing § 406(b) fees after Crawford is a dicey business").

For these reasons, the court awards plaintiff's counsel the requested amount of $18,064.70 in attorneys' fees under 42 U.S.C. § 406(b). The court directs that the full amount be paid to plaintiff's present counsel, who shall then be responsible for reimbursing to plaintiff the previously-awarded EAJA fees of $4,811.75.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 26) is GRANTED, and plaintiff is paid the sum of $18,064.70 from the withheld amounts; and
2. Counsel is ordered to reimburse plaintiff $4,811.75 in previously-awarded EAJA fees.
3. Any past-due benefits withheld by the Commissioner in excess of the amount awarded shall be released to Pires after all fee petitions are resolved.

Dated: March 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

AM/SD,pire.1073